The Honorable Rita R. Hale State Representative 123 Westport Point Hot Springs, AR 71913-7051
Dear Representative Hale:
This is in response to your request for an opinion on the following questions concerning a piece of land that is divided by the territorial boundaries of two cities that are less than ten miles apart:[1]
 1. If the entire property is subsequently annexed into one of the cities, does the non-annexing city lose its territorial jurisdiction over the portion of the property where it previously exercised jurisdiction?
 2. Can the planning commission of one city exercise planning jurisdiction over the corporate limits of another city?
 3. Does the territorial boundary for planning jurisdiction adjust after annexation to a new line equidistant between the new boundaries of the cities?
RESPONSE
Question 1 — If the entire property is subsequently annexed into one ofthe cities, does the non-annexing city lose its territorial jurisdictionover the portion of the property where it previously exercisedjurisdiction?
It is my opinion that the answer to this question is "yes." It is clear, in my opinion, that a city's extraterritorial planning jurisdiction does not extend to lands lying within another city's corporate limits. This is reflected in A.C.A. § 14-56-413, supra at n. 1, which provides for an exception to the five (5) mile planning jurisdiction limit if cities lie within ten miles of one another. Otherwise, a city might argue that its five-mile planning authority could include lands lying within another city's corporate limits.
Question 2 — Can the planning commission of one city exercise planningjurisdiction over the corporate limits of another city?
The answer to this question is "no." See response to Question 1.
Question 3 — Does the territorial boundary for planning jurisdictionadjust after annexation to a new line equidistant between the newboundaries of the cities?
The answer to this question is "yes," in accordance with A.C.A. §14-56-413(a)(1)(B). See n. 1, supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Arkansas Code Annotated § 14-56-413 (Repl. 1998) states in relevant part that:
 (a)(1)(A) The territorial jurisdiction of the legislative body of the city having a planning commission, for the purpose of this subchapter, shall be exclusive and shall include all land lying within five (5) miles of the corporate limits.
 (B) If the corporate limits of two (2) or more municipalities of the first or second class are less than ten (10) miles apart, the limits of their respective territorial jurisdictions shall be a line equidistant between them, or as agreed on by the respective municipalities.